UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-280-RJC
(3:11-cr-112-RJC)

| | |
|---|---|
| ERIKA HOLLAND, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>) | ORDER |

**THIS MATTER** is before the Court on Respondent's Motion for Review of Ex Parte Hearings, filed October 24, 2012. (Doc. No. 11).

On May 3, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in which she raises several allegations of ineffective assistance of her trial counsel, Peter Adolf and Angela Parrott. (Doc. No. 1). The Government was ordered to file an answer to Petitioner's allegations. (Doc. No. 2). To prepare its response, the Government requested affidavits from former counsel relating to Petitioner's claims. They declined to provide the affidavits, and, according to the Government, counsel cited "the American Bar Association's Formal Ethics Opinion 10-456, *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*." (Doc. No. 7 at 2). The Government filed a motion to compel production of the affidavits. (Doc. No. 7).

In its motion , the Government noted that the North Carolina State Bar "decline[d] to adopt ABA formal Op. 10-456."[1] A formal ethics opinion, adopted on January 27, 2012, provides

---

[1] It appears that Mr. Peter S. Adolf is a member of the North Carolina State Bar (ID No. 37157, and Ms. Angela G. Parrott is a member of the North Carolina State Bar with ID No. 35490.

> that a criminal defense lawyer accused of ineffective assistance of counsel by a
> former client may share confidential client information with prosecutors to help
> establish a defense to the claim so long as the lawyer reasonably believes a
> response is necessary and the response is narrowly tailored to the allegations.

2011 Formal Ethics Opinion 16.[2] Additionally, the ethics opinion allows counsel to provide information outside of a court-supervised setting. Id. Even so, the Court set an evidentiary hearing on Petitioner's allegations of ineffective assistance of counsel which is scheduled for October 31, 2012, at 9:30 a.m., at which former counsel are expected to testify if called by the government. (Doc. No. 8: Order).

In the instant motion, the Government contends that ex parte hearings which were held during Petitioner's criminal case should be available for its review. (Doc. No. 11). The Government argues that the hearings addressed Petitioner's ongoing claims of ineffective assistance of counsel; consequently, the substance of the hearings may help the Government prepare its response to Petitioner's § 2255 motion. Thus, the Court finds that good cause exists to grant the Government access to the transcripts of these hearings. The content of these hearings is highly likely to be relevant to one or more of Petitioner's claims of ineffective assistance of counsel. Further, Petitioner has placed the conduct and effectiveness of her trial counsel squarely at issue in her motion for relief from her conviction and sentence, forfeiting any right to preclude the Government's access to these ex parte hearings for use in responding to her § 2255 motion. See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (finding that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly

---

[2] See http://www.ncbar.com/ethics/ethics.asp?page=7&from=1/2012 (October 25, 2012).

deficient lawyer.") (internal citations omitted); see also United States v. Nicholson, 611 F.3d 191, 215-17 (4th Cir. 2010) (citing Bittaker and finding that while a petitioner alleging ineffective assistance of counsel claim has waived aspects of the attorney-client privilege, information revealed during the litigation of a conflict of interest claim can later be the subject of a protective order limiting the information discovered to the habeas proceeding itself).

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall allow the Government to order the transcripts of the ex parte portion of the hearings held before Judge Cayer in Case No. 3:11-cr-112 on February 24, 2011, and May 9, 2011.

Signed: October 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge